IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PETER LIOUNIS,

    Petitioner,

v.                                           Civil Action No. 3:15cv80
                                                      (GROH)

CHARLES WILLIAMS,[1]

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On June 29, 2015, the *pro se* petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, on July 2, 2015, petitioner paid the $5.00 filing fee. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. Procedural History[2]

On February 5, 2014, after a 10-day jury trial in the United States District Court for the Eastern District of New York (Brooklyn), petitioner was convicted of nine counts of conspiratorial and substantive mail, wire, and securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and 18 U.S.C. §§ 1341, 1343, and 1349. See ECF No. 219 and 249, and United States v. Liounis, (2nd Cir. ECF No. 160, n.1 at 2)(14-3216).

---

[1] At the time petitioner filed his §2241 petition, Charles Williams was the warden at FCI Gilmer. Subsequently, Jennifer Saad was named as warden of FCI Gilmer. Pursuant to Fed.R.Civ.P. 25(d)(1), Jennifer Saad is automatically substituted as the respondent in this action.

[2] All ECF references in this section refer to Case No. 1:12cr350-1, Eastern District of New York (Brooklyn).

On July 25, 2014 a sentencing hearing was begun [ECF No. 232]; continued to August 20, 2014 [ECF No. 245]; and continued again to completion on August 22, 2014 [ECF No. 251]. Petitioner received a low-end Guidelines total sentence of two hundred ninety-two (292) months' imprisonment: two hundred and forty (240) months each on Counts One, Two, Three, Four, Five, Six, Seven and Nine, the sentences to run concurrently; and fifty-two (52) months on Count Sixteen, to run consecutively to the sentences imposed on all other counts. He was also sentenced to a term of three years supervised release with special conditions, to run concurrently. A total Special Assessment of $900 was imposed, and he was ordered to pay restitution in the amount of $3,864,080.11, at the rate of $25 per month while incarcerated and the rate of 10% of his gross monthly income ("GMI") thereafter. ECF No. 249.

On September 2, 2014, through counsel petitioner filed a notice of appeal. ECF No. 251. On appeal, he contended that 1) he was denied the right to counsel of his choice; 2) his post-arrest statements should have been suppressed; 3) the government's trial conduct violated his right to remain silent; 4) his trial counsel was constitutionally ineffective; and 5) his sentence is procedurally and substantively unreasonable. Petitioner raised additional arguments in a supplemental *pro se* brief: his sentence was unreasonable; a challenge to the indictment; a <u>Brady</u> claim; a speedy trial claim; a claim of judicial bias; additional claims of counsel's ineffectiveness; and several constitutional claims that were presented "only 'perfunctorily'" that were later deemed waived. By Order entered February 18, 2016, the judgment of the District Court was affirmed.[3] Petitioner filed a petition for rehearing/rehearing *en banc* on March 28, 2016. As of the date of this Report and Recommendation, the petition for rehearing/rehearing *en*

---

[3] <u>United States v. Liounis</u>, et al., (2nd Cir. ECF No. 160)(14-3216).

*banc* has not yet been ruled upon. On June 30, 2016, petitioner also filed a motion to amend the motion to reconsider; that motion likewise is still pending.

Petitioner has yet to file a motion to vacate pursuant to 28 U.S.C. § 2255.

On June 29, 2015, while his appeal was still pending, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. The petition, which is largely unintelligible and was filed without a memorandum in support, attaches, without explanation, a 1-page excerpt from an unknown document which appears to describe the fraudulent investment scheme for which he is presently convicted [ECF No. 1-1]; incomplete copies of letters containing plea offers in several cases from the U.S. Attorney for the Southern District of New York for crimes convicted in both the Southern District of New York and the District of Nevada[4] [ECF No. 1-2 and 1-3]; copies of the first pages of judgments of two prior convictions in the Southern District of New York [ECF No. 1-4 and 1-5]; copies of administrative grievances and responses thereto [ECF No. 1-6, 1-7, 1-8, 1-9]; as well as a copy of the indictment from his underlying criminal prosecution [ECF No. 1-10]. The petition raises two grounds:

1) the District Court lacked subject matter jurisdiction to try his case without a valid indictment, and petitioner "always claimed actual innocence;" ECF No. 1 at 5.

2) his "conviction was obtained in violation of the Double Jeopardy Clause of the 5th Amendment by the government's use of prior counts, victims, and losses promised by it to Liounis to be dismissed as part of previous plea agreement as the counts relate to historic SDNY Cases Nos. 99-CR-937; 00-CR-1038; and 01-CR-784. Particularly violative where those sentences were completed in full." Id. at 6.

The petitioner contends that a § 2255 motion is inadequate and ineffective to test the legality of his detention "where the claim is based upon [a] challenge to the FBOP sentence

---

[4] The Nevada indictment was filed in that district and transferred to the S.D.N.Y. pursuant to Fed. R. Crim. P. 20. See ECF No. 1-3 at 1.

computation, and subject matter jurisdiction and Rule 6 violations may be raised at any time, or at any point of the proceedings." Id. at 9.

> For relief, petitioner requests that this Court
>
> Order Writ of Habeas Corpus, and else wise Order respondent to Show Cause proofs why Liounis should not receive relief by showing this §2241 reviewer the names of 12 qualified Grand Jurors who voted the seventeen (17) counts on Indictment CR-12-350 filed on 5/17/12 against Peter Liounis; and or credit 6 years, 8 months to the instant 292 months federal sentence due to the Double Jeopardy violation; and or immediate release where the Court is enabled to find that there was no subject matter jurisdiction. Else wise Order an Evidentiary Hearing and assignment of counsel where the Court realizes further evidentiary development warrants to determine these claims.

Id. at 8 *(reproduced verbatim, with all errors in grammar and punctuation included)*.

### III. **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which

set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## IV. Analysis

### A. 28 U.S.C. § 2241

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner's Ground One claim that the District Court lacked subject matter jurisdiction to try his case without a valid indictment, and his claim of actual innocence attack the validity of his conviction and sentence rather than the means of execution and seek to have his conviction reversed. Further, petitioner's Ground Two claim of Double Jeopardy appears to likewise, at least in part, attack his conviction.[5] Accordingly, they are the type of challenges that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only

---

[5] This claim appears to also be an attack on the computation of his sentence, which would raise a § 2241 claim and will be addressed *infra.*

5

when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's § 2241 Ground One claim of lack of subject matter jurisdiction, an invalid indictment, and his "actual innocence,"[6] or his Ground Two Claim regarding double jeopardy which demonstrates that he meets the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an adequate or ineffective remedy as to these claims, and he has improperly filed a § 2241 petition as regards them.

**B. 28 U.S.C. § 2255**

---

[6] As for petitioner's claim of actual innocence, the undersigned notes that the Second Circuit's Summary Order affirming the District Court's judgment noted that ". . . the trial judge would subsequently commend counsel's 'vigorous defense' of Liounis at trial despite the 'overwhelming evidence of [Liounis'] guilt.'" United States v. Liounis, et al., (2nd Cir. ECF No. 160 n.2 at 3)(14-3216).

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1) The date on which the judgment of conviction becomes final;

2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

3) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A judgment of conviction does not become final until the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). In the context of post-conviction relief, finality attaches when the time for seeking review from the United States Supreme Court expires, either when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari,* or when the time for filing a petition for writ of *certiorari* petition expires. Clay v. U.S., 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed. 2d 88 (2003); see also Green v. United States, 260 F.3d 78, 84 (2nd Cir. 2001)

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

A district court should not entertain a habeas corpus petition while there is an appeal pending in . . . [a district] court or in the Supreme Court . . . The reason for this rule is that disposition of the appeal may render the [habeas corpus writ] unnecessary . . . This is true if the appeal is still pending in . . . [the district] court . . . it is even more appropriate for the district court to decline to address the merits of a petition when review of the conviction is pending before the Supreme Court . . . since neither the district court nor this court can treat such petitions for review as abandoned. Feldman v Henman, 815 F.2d 1318, 1320 - 21 (9th Cir. 1987) (internal citations and quotations omitted).

Here, petitioner's direct appeal has been filed, but is still pending in the Second Circuit Court of Appeals on his motion for rehearing/rehearing *en banc,* therefore, his judgment of conviction is not yet final. Because direct review is still ongoing, the date on which judgment becomes final has not yet arrived and therefore, petitioner cannot properly collaterally attack his conviction through § 2255. As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 5103 S.Ct. 400, 74 L.Ed. 225 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the

appeal.  See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3rd Cir. 1988).  "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 U.S. Dist. LEXIS 13650 (E.D. Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Here, the § 2255 claims raised by petitioner in his instant § 2241 petition, even if this court had jurisdiction to consider them, are not "uniquely separable" and collateral from a decision on the merits of his direct appeal and any potential petition for a writ of *certiorari* he may choose to file if unsuccessful on his direct appeal in the Second Circuit.  Nonetheless, this court has no authority to entertain petitioner's § 2255 claims; a federal prisoner must seek relief under § 2255 from the court which sentenced him.  See 28 U.S.C. § 2255.  Therefore, petitioner can only raise his § 2255 claims in the U.S. District Court for the Eastern District of New York.

Finally, because his petition for rehearing/rehearing *en banc* of his direct appeal is still pending in the Second Circuit Court of Appeals, even though this petition must be denied, Petitioner will still have ample time in which to file a § 2255 to collaterally attack his sentence. If petitioner's direct appeal in the Second Circuit is dismissed, and petitioner does not petition for a writ of *certiorari* to United States Supreme Court, his conviction will be final 90 days after the entry of the Second Circuit's opinion, refusing rehearing/rehearing *en banc*. See Supreme Ct. Rule 13.3).  Specifically, the one year statute of limitations for timely filing a § 2255 motion starts running 90 days *after* the Second Circuit denies a timely-filed motion for rehearing, or if rehearing is granted, the subsequent entry of judgment. See Supreme Ct. Rule 13.3); see also Prilliman v. United States, 2011 U.S. Dist. LEXIS 41616 *2 – 3 (D. Md. 2011).

9

Finally, to the extent that petitioner's Ground Two claim is also attempting to raise a § 2241 claim for six years, seven months, and eight day prior custody credit [ECF No. 1-6 at 1] for previous sentences served on SDNY Case Nos. 1:99cr937, 1:00cr1038, and 1:01cr784 [ECF No. 1 at 6] against his present 24+ year federal sentence,[7] a review of the dockets of those cases and the Bureau of Prisons' ("BOP") responses to the petitioner's administrative grievances, attached to his petition, indicates the same has no merit.

The docket for SDNY Case No. 1:99cr937 and SDNY Case No. 1:00cr1038 indicates that on October 20, 2000, petitioner pled guilty to Count One of Case No. 1:99cr937, conspiracy to defraud the United States (conspiracy to commit securities/wire fraud) in violation of 18 U.S.C. §371.F, and Counts Two and Four of Case No. 1:00cr1038, money laundering – racketeering (conspiracy), in violation of 18 U.S.C. § 1956-7480.F, and racketeering – extortion credit transaction (traveling interstate to commit extortion), in violation of 18 U.S.C. § 1952 – 7490.F. On June 13, 2001, he was sentenced in both cases to a term of 87 months (7.25 years) imprisonment to be followed by a 3-year term of supervised release; ordered to pay restitution of $4,1909,164.74 and forfeit $43,110 in lieu of certain real estate. Judgment was entered on August 3, 2001 in both cases; the docket indicates that the same day the judgment was entered, the remaining counts of the indictment (Counts Two and Three) in Case No. 1:99cr937were

---

[7] Petitioner's Ground Two claim is that his present "conviction was obtained in violation of the Double Jeopardy Clause of the 5th Amendment by the government's use of prior counts, victims, and losses promised by it to Liounis to be dismissed as part of previous plea agreement as the counts relate to historic SDNY Cases Nos. 99-CR-937; 00-CR-1038; and 01-CR-784." It is equally likely that petitioner may be complaining that his criminal history of the convictions in these cases were considered in arriving at his present sentence; or that the counts he did not plead to in these previous cases were not dismissed as promised, but that he was later charged with them again in the E.D.N.Y. Under that improbable interpretation of this confusing claim, given that crimes committed in the SDNY could not be charged in the EDNY, and the dockets in each of these SDNY cases indicate that the charges not pled to were dismissed pursuant to the pleas, it would appear that petitioner is attempting to raise yet another § 2255 claim regarding his sentence.

dismissed, as were Counts One and Three in Case No 1:00cr1038. See SDNY Case No. 1:99cr937, ECF No. 104 and SDNY Case No. 1:00cr1038, ECF No. 14.

The docket in Case No. 1:01cr784 in the SDNY indicates that on March 30, 2007, petitioner pled to Count One of a superseding indictment and on April 23, 2007, was sentenced to a four-month term of imprisonment, to be followed by a three-year term of supervised release to run concurrent with the term of supervised release in Cases 1:99cr937 and 1:00cr1038, except with restitution in the amount of $940,181.32. The remaining counts, Counts Two – Ten were dismissed. The 4-month sentence was to commence on the day after the sentence in 1:99cr937 and 1:00cr1038 were completed. See SDNY Case No. 1:01cr784, ECF No. 159. Judgment was entered on May 2, 2007. Id.

Accordingly, it would appear that the cumulative 7.75 year sentences in these three previous SDNY cases were fully completed at least by March 3, 2009, long before the August 26, 2014 judgment was entered in petitioner's EDNY case. The response to petitioner's Central Office Administrative Remedy Appeal supports this, stating in pertinent part:

> Our review of your record reveals you were arrested on April 17, 2012, by federal authorities for Mail Fraud, Mail and Wire Fraud Conspiracy, and Wire Fraud. Your Mail and Wire Fraud conspiracy case was continued from December 2008 through April 2012.
>
> On August 22, 2014, you were sentenced in the United States District Court, Eastern District of New York, in Case No. CR-12-00350-01 (ILG), to a 292-month total term of imprisonment for Mail and Wire Fraud Conspiracy, Wire Fraud and Mail Fraud.
>
> The Bureau of Prisons' mission is to confine offenders who are lawfully committed to serve a sentence of imprisonment. Your federal Judgment ordering your imprisonment is a lawful commitment, and the Bureau has no authority to change or modify the Court's order. Additionally, you were convicted on June 13, 2001, for Conspiracy to Commit Wire Fraud. The credit you seek cannot be

applied toward your current federal sentence since that period of time has already been applied toward your previously served federal sentence.

Furthermore, Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCA of 1984), and Title 18 U.S.C. § 3585(b) are used to determine prior custody credit on a federal sentence. Title 18 U.S.C. § 3585 (b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences,.... **that has not been credited against another sentence."** You have received prior custody credit from April 17, 2012,[8] through August 21, 2014, on your current federal sentence. The credit applied toward your previous served term cannot be applied toward your current sentence.

We find your sentence has been computed as directed by federal statute and applicable Bureau of Prisons 'policy. Accordingly, your appeal is denied.

ECF No. 1-9 at 2 – 3.

Accordingly, if it is indeed an award of prior custody credit petitioner that was seeking in his Ground Two claim, he is not entitled to this relief.

## V. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED** and **DISMISSED with prejudice**.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §

---

[8] April 17, 2012 is apparently the date petitioner was first arrested on the charges for which he is presently sentenced. See EDNY Case No. 1:12CR350-1, ECF No. 1.

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to correct the docket to reflect the name of Jennifer Saad as respondent instead of Charles Williams. The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: July 18, 2016

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE