# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**PETER LIOUNIS,**

    Petitioner,

**v.**
                                          **CIVIL ACTION NO.: 3:15-CV-80 (GROH)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R. Magistrate Judge Seibert issued his R&R [ECF No. 7] on July 18, 2016. In the R&R, he recommends that the Petitioner's 28 U.S.C. § 2241 Petition [ECF No. 1] be denied and dismissed with prejudice. For the reasons set forth below, the court **ADOPTS** Magistrate Judge Seibert's R&R and **DENIES** and **DISMISSES** the Petitioner's § 2241 Petition **WITH PREJUDICE**.

Objections to Magistrate Judge Seibert's R&R were due within fourteen days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Service was accepted at the Gilmer Federal Correctional Institution in Glenville, West Virginia, on July 22, 2016, and the Petitioner timely filed arguments in opposition thereto. The Court is aware of the Petitioner's *pro se* status. *Pro se* pleadings

are held to less stringent standards than those drafted by licensed attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Accordingly, although the Court construes liberally the Petitioner's arguments in opposition to the R&R, it will not create objections where none exist.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, objections to a magistrate judge's R&R must be specific.  See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982); see also Parker v. Comm'r of Soc. Sec., No. 4:11cv00030, 2012 WL 1356593, at *3 (W. D. Va. Apr. 19, 2012).  General objections or mere reiterations of arguments already presented to the magistrate judge "have the same effect as a failure to object," and thus do not warrant *de novo* review.  Parker, 2012 WL 1356593, at *3 (internal quotations and citation omitted); see also United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003).  The Court will review the portions of the R&R to which "general and conclusory" objections have been made for clear error.  McGhee v. Colvin, 6:14-cv-02644-JMC, 2015 WL 5707866, at *1 (Sept. 25, 2015) (internal quotations and citation omitted).  Here, all of the Petitioner's arguments are, in some form, reiterations of claims or factual scenarios already presented.  Thus, in the absence of specific objections to the R&R, this Court is not required to provide an explanation for adopting the recommendation.  See id. at *2.

Therefore, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 7] should be, and is,

hereby **ORDERED ADOPTED** for the reasons more fully stated therein.[1]  Accordingly, the Court **DENIES** the Petitioner's 28 U.S.C. § 2241 Petition [ECF No. 1] and **ORDERS** that the same be **DISMISSED WITH PREJUDICE**.

Insofar as the Petition raises arguments that fall under 28 U.S.C. § 2255, the Petitioner has not met the requirements for issuance of a certificate of appealability.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484).  Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket, enter a separate judgment in favor of the Respondent, and transmit a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** January 27, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Petitioner's Second Circuit appellate proceedings concluded upon issuance of a mandate on July 25, 2016—one week after the R&R was submitted.